OPINION
{¶ 1} Following a trial by jury, Lamarr Pete Newbern ("appellant"), was convicted of aggravated robbery with a firearm specification, two counts of robbery, three counts of kidnapping, and felony fleeing pursuant to the 2002 armed robbery of a Burger King restaurant. On September 22, 2003, the trial court sentenced appellant to an aggregate prison term of 12 years, which included a three-year term of actual incarceration for the firearm specification. *Page 2 
 {¶ 2} Appellant appealed his conviction, alleging ineffective assistance of counsel, and that the trial court erred in denying his Crim.R. 29 motion for judgment of acquittal. State v. Newbern, Franklin App. No. 03AP-977, 2004-Ohio-3694, appeal not allowed,106 Ohio St.3d 1480, 2005-Ohio-3978. This court affirmed appellant's convictions on July 13, 2004. Appellant did not appeal his sentence.
 {¶ 3} Subsequent to the Supreme Court of Ohio's announcement ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 53 (invalidating large portions of Ohio's felony sentencing guidelines as unconstitutional under the United States Supreme Court's rulings inBlakely v. Washington [2004], 542 U.S. 296, 124 S.Ct. 2531, andUnited States v. Booker [2005], 543 U.S. 220, 125 S.Ct. 738), on June 2, 2006, appellant filed a petition for post-conviction relief under R.C.2953.21, alleging that his sentence was contrary to law, and that his due process rights were violated. The trial court denied appellant's petition as untimely under R.C. 2953.21(A)(2). (August 24, 2006 Entry.) This appeal ensued.
 {¶ 4} Appellant Newbern raises a single assignment of error for our review:
 THE COURT ERRED BY DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WHEN THE DEFENDANT PROVED THAT POST CONVICTION WAS THE PROPER REMEDY, PETITION WAS TIMELY FILED, AND DEFENDANT PRESENTED PROVED GROUNDS OF SENTENCE BEING CONTRARY TO LAW, AND THEREFORE WAS A DUE PROCESS VIOLATION; AND BY SUCH DENIAL CREATES INEQUITY WHICH CONSTITUTED MANIFEST INJUSTICE.
 {¶ 5} Ohio law provides a remedy by which an individual convicted of a crime in this state can bring a collateral attack on the constitutionality of their conviction in *Page 3 
R.C. 2953.21. Notwithstanding direct appeal under R.C. 2953.08, the petition for post-conviction relief in R.C. 2953.21 ("petition") is the exclusive remedy by which a defendant may bring a collateral challenge to his conviction or sentence. See R.C. 2953.21(J).
 {¶ 6} Under R.C. 2953.21, a petition is timely filed if it is filed with the trial court within 180 days from the date the trial transcript is filed in the court of appeals or, if no direct appeal is filed, 180 days from the deadline for filing a direct appeal. A petitioner may file a petition after the 180-day period, however, the court lacks jurisdiction to entertain such a petition unless very stringent exceptions apply. See R.C. 2953.21. The exceptions to the 180-day limitation period are set forth in R.C. 2953.23. The petitioner has the burden of proving both of the following elements in R.C. 2953.23(A) (1 )(a) and (b):
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *
 {¶ 7} In this case, the transcript of appellant's trial was filed with this court on December 1, 2003, which started the 180-day limitation period under R.C. 2953.21. The deadline for filing a timely petition, thus, would have been May 30, 2004. Thus, the court lacks jurisdiction to entertain appellant's petition unless he can show both requirements of R.C. 2953.23(A)(1). *Page 4 
 {¶ 8} Appellant clearly does not satisfy the requirement in R.C.2953.23(A)(1)(b). The scope of appellant's constitutional challenge is limited only to the length of his sentence, and it does not challenge the constitutionality of his conviction. In order for the court to have jurisdiction over this petition, R.C. 2953.23(B)(1)(b) requires that appellant show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty" of aggravated robbery. Appellant makes no such argument, thus, the petition is also barred by R.C. 2953.23.
 {¶ 9} Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 Judgment affirmed. SADLER, P.J., and BROWN, J., concur. *Page 1