DECISION
{¶ 1} Defendant-appellant, Larry A. Randlett, appeals from judgments of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.
 {¶ 2} In February 2003, defendant entered guilty pleas to multiple counts of gross sexual imposition, corruption of a minor, disseminating materials harmful to a juvenile and sexual battery and the trial court found defendant guilty of those offenses. Following a *Page 2 
March 2003 hearing, the trial court adjudicated defendant a sexual predator and sentenced him to an aggregate 20-year term of imprisonment.
 {¶ 3} Defendant appealed his conviction, asserting that the trial court's imposition of consecutive sentences and a sentence greater than the statutory minimum was not supported by the requisite statutory findings, that the trial court erred in finding defendant to be a sexual predator, that the trial court erred by imposing a greater sentence than that pronounced at the sentencing hearing, and that the trial court deprived defendant of due process when it utilized and relied on victim impact statements that were not made available to defendant or his counsel prior to or at the time of sentencing. This court determined that the trial court erred in imposing a greater sentence than that pronounced at the sentencing hearing and, accordingly, modified defendant's sentence to a prison term of 18 years. We affirmed the trial court's judgment in all other respects. State v. Randlett, Franklin App. No. 03AP-385, 2003-Ohio-6934. Defendant's appeal to the Ohio Supreme Court was denied. State v. Randlett, 102 Ohio St.3d 1447,2004-Ohio-2263.
 {¶ 4} On February 10, 2006, defendant filed an application for reopening pursuant to App.R. 26(B). This court denied the application because defendant failed to demonstrate good cause for filing outside the 90-day time period set forth in the rule. State v. Randlett (Apr. 6, 2006), Franklin App. No. 03AP-385 (Memorandum Decision). Defendant's appeal to the Ohio Supreme Court was denied. State v. Randlett,110 Ohio St.3d 1443, 2006-Ohio-3862.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which held that portions of Ohio's felony sentencing scheme are unconstitutional, including, as relevant here, R.C. 2929.14(B) and *Page 3 
2929.14(E)(4), which require judicial fact finding before the imposition of more than the minimum and consecutive sentences, respectively. Id. at paragraphs one and three of the syllabus.
 {¶ 6} On August 25, 2006, defendant filed a "Motion to Vacate Judgment on the Basis of New Supreme Court Decision in Accordance with Civ.R. 60(B)." Defendant asserted under Civ.R. 60(B)(4) that he was entitled to relief from his sentence pursuant to the change in the law governing felony sentencing articulated in Foster. Defendant further asserted under Civ.R. 60(B)(5) that his sentence was unconstitutional pursuant toFoster.
 {¶ 7} On November 8, 2006, the trial court filed a decision and entry denying defendant's motion. More particularly, the court determined that defendant's motion was untimely and that Civ.R. 60(B) was not the appropriate vehicle by which to seek relief regarding constitutional errors in sentencing. The court further found that even if defendant could assert a claim pursuant to Civ.R. 60(B), he failed to demonstrate the "applicable elements" which would support a claim for relief under the civil rules.
 {¶ 8} Defendant has timely appealed, advancing a single assignment of error for our review:
 The trial court abused its discretion by failing to grant appellant's request for a resentencing contra Crim.R. 57(B), Civ.R. 60(B) and the federal and state constitutions. (Citing GTE Automatic Elec. v. ARC Indus. (1996) 47 Ohio St.2d 146.)
 {¶ 9} Defendant contends the trial court abused its discretion in denying his motion to vacate. Defendant filed his motion pursuant to Crim.R. 57(B) and Civ.R. 60(B). This court discussed the interplay between Crim.R. 57(B) and Civ.R. 60(B) in State v. Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 18: *Page 4 
 * * * The Ohio Rules of Procedure provide for motions for relief of judgment in the civil context, see Civ.R. 60; however, no such procedure exists in the criminal arena. Crim.R. 57(B) permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists. Without endorsing the propriety of challenging a criminal conviction via Civ.R. 60(B), we note than on occasion courts, including this court, have considered Civ.R. 60(B) challenges in criminal cases. (Citations omitted.)
 {¶ 10} Civ.R. 60(B) sets forth several grounds upon which a trial court may grant relief from a final judgment. The rule states, in part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec,Inc. v. ARC *Page 5 Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must satisfy all three prongs of the test. Id. at 151. However, a meritorious claim for relief under Civ.R. 60(B)(4) or (5) need not do more than set forth grounds for relief which could be recognized under Civ.R. 60(B)(4) or (5).
 {¶ 12} A trial court is vested with complete discretion in determining whether to grant or deny a Civ.R. 60(B) motion. Scruggs, supra, at ¶ 23, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. As such, a trial court's decision will not be disturbed absent an abuse of discretion. Id. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id., quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} As noted previously, defendant claimed relief under Civ.R. 60(B)(4) and (5). As pertinent here, Civ.R. 60(B)(4) permits relief from judgment when "it is no longer equitable that the judgment should have prospective application." Defendant argues it would no longer be equitable for his sentence to have prospective application in light ofFoster. As there is no applicable rule of criminal procedure providing relief from judgment in such circumstances, i.e., where a defendant seeks relief due to a change in controlling case law, the trial court may have abused its discretion in summarily failing to consider defendant's challenge under Civ.R. 60(B)(4) and 60(B)(5).
 {¶ 14} However, the trial court's failure to consider defendant's challenge under Civ.R. 60(B)(4) was not prejudicial because defendant is not entitled to relief thereunder. The Supreme Court of Ohio has specifically held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." Doe v. Trumbull Cty.Children Serv. Bd. *Page 6 
(1986), 28 Ohio St.3d 128, paragraph one of the syllabus. WhileDoe was a civil case, the Supreme Court of Ohio cited it in Ali v.State, 104 Ohio St.3d 328, 2004-Ohio-6592, where the court held that a criminal defendant is not entitled to the retroactive application of new case law. "A new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 6.
 {¶ 15} Further, the Foster court expressly limited retroactive application of its holdings to cases on direct review. Foster, supra, at ¶ 104. As defendant's direct appeals were final before the Ohio Supreme Court decided Foster, the holdings contained therein do not retroactively apply to defendant.
 {¶ 16} Finally, a remand for resentencing would not benefit defendant, as defendant would be subjected to the trial court's "full discretion" to impose more than minimum and consecutive sentences within the statutory range with no need to make any findings to support its decision. See Foster, at paragraph seven of the syllabus; see, alsoState v. Peeks, Franklin App. No. 05AP-1370, 2006-Ohio-6256, at ¶ 15
(noting that it was more difficult for a trial court to impose consecutive sentences prior to Foster).
 {¶ 17} Defendant also claimed relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) is a catch-all provision allowing a court to set aside a final judgment or order "for any other reason justifying relief from judgment." Defendant's claim under Civ.R. 60(B)(5) is based upon his assertion that his sentence violated his constitutional right to trial by jury. However, a Civ.R. 60(B) motion to vacate is not the proper method of asserting constitutional errors in sentencing. The Supreme Court of Ohio, in State v. Reynolds *Page 7 
(1997), 79 Ohio St.3d 158, determined that a criminal defendant who files a motion to vacate or correct his or her sentence on the ground that his or her constitutional rights have been violated necessarily embraces post-conviction relief set forth in R.C. 2953.21 and2953.23(A). The court stated, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at syllabus. Crim.R. 35 governs the procedure for post-conviction petitions.
 {¶ l8} This court has held similarly: "Ohio law provides a remedy by which an individual convicted of a crime in this state can bring a collateral attack on the constitutionality of their conviction [or sentence] in R.C. 2953.21. Notwithstanding direct appeal under R.C.2953.08, the petition for post-conviction relief in R.C. 2953.21 * * * is the exclusive remedy by which a defendant may bring a collateral challenge to his conviction or sentence. See R.C. 2953.21(J)." State v.Newbern, Franklin App. No. 06AP-928, 2007-Ohio-1595, at ¶ 5. See, also,State v. White (Dec. 20, 2001), Cuyahoga App. No. 79135 ("To the extent the motion sought to vindicate constitutional rights, it is cognizable under R.C. 2953.21 and Crim.R. 35 as a petition for postconviction relief").
 {¶ 19} As there exists an applicable rule of criminal procedure whereby defendant may assert a challenge to the constitutionality of his sentence, he may not assert a Civ.R. 60(B)(5) challenge via Crim.R. 57(B). See State v. Brenton, Paulding App. No. 11-06-06, 2007-Ohio-901, at ¶ 15.
 {¶ 20} Finally, we briefly address two collateral issues raised in defendant's brief. Defendant appears to assert claims of ineffective assistance of counsel related to *Page 8 
counsels' failure to raise Foster issues at trial or on direct appeal. However, a review of the record reveals that defendant failed to raise such claims in his Civ.R. 60(B) motion before the trial court and presents the arguments for the first time on appeal. Accordingly, defendant has waived review of these claims. See State v. Awan (1986),22 Ohio St.3d 120.
 {¶ 21} Moreover, this court has held that a defendant cannot prevail on an ineffective assistance of counsel claim based upon counsel's failure to raise Foster issues. See State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 7; State v. Bean, Franklin App. No. 06AP-208, 2006-Ohio-6745, at ¶ 25.
 {¶ 22} Defendant also includes in his brief a lengthy discussion regarding Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. InCrawford, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment to the United States Constitution bars "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Id. at 53-54. The court stated that the "use of ex parte examinations as evidence against the accused" is the principal evil the Confrontation Clause was designed to remedy. Id. at 50. It distinguished between testimonial and nontestimonial hearsay and held that only testimonial statements implicate the Confrontation Clause. Id. at 68. Testimony, the court stated, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." Id. at 51. Although the court declined to "spell out a comprehensive definition" of "testimonial," it stated that the term "applies at a minimum" to prior testimony or at a preliminary hearing, before a grand jury, or at a former trial, and to police interrogations. Id. at 68. Defendant maintains that the *Page 9 
judicial fact finding which enhanced his sentence beyond the statutory minimum and supported the imposition of consecutive sentences was based on out-of-court statements, police reports and victim impact statements in violation of Crawford and his Sixth Amendment right to confrontation.
 {¶ 23} We note initially that defendant made only cursory mention ofCrawford in his motion to vacate and did not provide the trial court with any of the arguments he now presents. Indeed, defendant'sCrawford argument consists of one sentence asserted solely within the context of his Foster argument: "Misinterpreting the intent ofApprendi [v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348], the trial court conducted its own fact finding relying on second-and third-party hearsay evidence in violation of the confrontation clause of the U.S. Constitution and the decision in Crawford v. Washington [2004], [541 U.S. 36,] 124 S.Ct. 1354." (August 25, 2006 Motion, at 3.) Even if the trial court could have somehow gleaned the argument defendant now asserts on appeal from the cursory statement in his motion to vacate, defendant cannot prevail.
 {¶ 24} At the outset, we note that defendant fails to cite any authority applying the Crawford holding to sentencing cases. As noted,Crawford held that only testimonial statements implicate the Confrontation Clause. Here, defendant protests the trial court's use of "out-of-court statements, police reports and victim impact statements" in its sentencing determination; however, defendant fails to assert that these reports and/or statements are testimonial in nature.
 {¶ 25} Moreover, in State v. Bene, Clermont App. No. CA2005-09-090,2006-Ohio-3628, at ¶ 21, the court found that the admission of hearsay evidence at a sentencing *Page 10 
hearing does not deprive a criminal defendant of the Sixth Amendment right to confront the witnesses, stating:
 * * * Appellant's knowing and voluntary plea of guilty was a complete admission of guilt and waived her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Further, Evid.R. 101(C) clearly identified sentencing hearings as among those certain criminal proceedings in which the rules of evidence, including the hearsay rule, do not apply. Accordingly, we have continued to hold that a trial court is free to rely on reliable hearsay in its sentencing decision. (Citations omitted.)
 {¶ 26} Finally, defendant is barred from raising the Crawford issue by the doctrine of res judicata because he could have raised it on direct appeal. State v. Cunningham, Franklin App. No. 05AP-1218,2006-Ohio-4339, at ¶ 8 ("It matters not that the United States Supreme Court had not yet decided Crawford at the time appellant was convicted and sentenced because the issue regarding the right to confront witnesses could have been raised").
 {¶ 27} For all the foregoing reasons, defendant's single assignment of error is overruled and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
 PETREE and KLATT, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1