[Cite as *Bank of New York Trust Co., N.A. v. Caldwell*, 2014-Ohio-935.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100262**

# BANK OF NEW YORK TRUST CO., N.A.

PLAINTIFF-APPELLEE

vs.

# ROBERT A. CALDWELL, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-789599

**BEFORE:**  Stewart, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  March 13, 2014

**FOR APPELLANTS**

Robert A. Caldwell, pro se
Frances Caldwell, pro se
10618 Drexel Avenue
Cleveland, OH    44108


**ATTORNEYS FOR APPELLEE**

Bill L. Purtell
Ellen L. Fornash
Dustin K. Looser
Lerner, Sampson & Rothfuss
120 East Fourth Street, Suite 800
Cincinnati, OH    45202

MELODY J. STEWART, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellee Bank of New York Trust Company, N.A. brought this action against defendants-appellants Robert and Frances Caldwell seeking judgment on a promissory note and foreclosure on a mortgage. The Caldwells did not answer the complaint, so a magistrate issued a decision granting the bank a default judgment on all of its claims. The Caldwells filed a motion to "vacate" the magistrate's decision, but the court denied that motion as premature because it had not yet approved the magistrate's decision and created a final judgment. The court eventually did adopt the magistrate's decision and granted a default judgment on the note and mortgage. The property was sold at a sheriff's sale, and the court confirmed the sale.

**{¶2}** Two months after the court confirmed the sheriff's sale, the Caldwells filed a motion for relief from the default judgment on grounds that the trial judge should have been disqualified from the general election, and thus barred from holding elected office, because his campaign treasurer did not timely file certain campaign reports in compliance with R.C. 3510.10(D). The court conducted a hearing on the motion for relief from judgment and denied it, finding that the Caldwells failed to set forth any of the grounds upon which relief from judgment may be granted under Civ.R. 60(B).

**{¶3}** Having requested that this appeal be placed on the accelerated calendar, the Caldwells have acquiesced to our stating the reasons for this decision in "brief and

conclusory form." *See* App.R. 11.1(E).   We agree with the bank that the court lacked any jurisdiction to rule on questions concerning campaign improprieties because that authority is vested exclusively with the Ohio Elections Commission.   *See* R.C. 3517.151; *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 15.   The motion for relief from judgment thus raised matters outside the court's jurisdiction.

{¶4} The remaining arguments raised by the Caldwells on appeal, that the trial court erred by, refusing to accept their affidavit that they were not properly served; by failing to respond to their request for findings of facts and conclusions of law; and by proceeding on a fraudulent complaint, are improperly before us because they were not raised in the motion for relief from the default judgment.   *See State v. Randlett,* 10th Dist. Franklin No. 06AP-1073, 2007-Ohio-3546, ¶ 20.   In reaching this conclusion, we acknowledge that the Caldwells did raise these issues in their first motion to vacate judgment filed after the magistrate issued a decision in the case, but the court denied that motion as premature because it had yet to rule on the magistrate's decision.   When the court did rule on the magistrate's decision, the Caldwells filed a new motion for relief from judgment (the subject of this appeal), but that motion was limited solely to the alleged campaign irregularities — it made no mention of those arguments raised in the premature motion for relief from judgment.

{¶5} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR