[Cite as *State v. Deems*, 2020-Ohio-4076.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                         :

      Plaintiff-Appellee,                    :

                                             No. 19AP-857

v.                                                    :       (C.P.C. No. 90CR-3846)

Timothy R. Deems,                                     :       (ACCELERATED CALENDAR)

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on August 11, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Daniel J. Stanley*, for appellee.

**On brief:** *Timothy R. Deems*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Timothy R. Deems, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate his judgment of conviction. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was born April 24, 1975. On May 13, 1990, when appellant was 15 years old, he was involved in an attempted robbery at a Foodland store. During the robbery, the victim, Mansi Humeidan, was shot and killed.

{¶ 3} The record shows that plaintiff-appellee, State of Ohio, filed a motion in the juvenile court, pursuant to Juv.R. 30 and former R.C. 2151.26, seeking an order transferring the matter to the common pleas court, general division, for prosecution of appellant as an

adult.[1]   On August 9, 1990, the juvenile court conducted an evidentiary hearing on appellee's motion.  On August 10, 1990, the juvenile court issued a journal entry wherein the court found that there was "probable cause to believe that the child committed the act * * * and such act would constitute a felony if committed by an adult."  (Aug. 10, 1990 Journal Entry at 1.)  The juvenile court concluded that on review of appellant's juvenile record, appellant was "not amenable to * * * rehabilitation" and that "the safety of the community require[d] that the child be placed under legal restraint for a period extending beyond his majority."  (Aug. 10, 1990 Journal Entry at 2.)  In the August 10, 1990 journal entry, the juvenile court also made a finding that: "A mental and physical examination of the child was conducted as previously Ordered by the Court and such examinations were admitted into evidence."  (Aug. 10, 1990 Journal Entry at 1.)

{¶ 4}   The juvenile court granted appellee's motion and transferred the case to the common pleas court.  On August 30, 1990, a Franklin County Grand Jury indicted appellant on three separate charges with specifications.  Count 1 of the indictment charged appellant with aggravated murder with prior calculation and design, in violation of R.C. 2903.01, and aggravated murder while committing or attempting to commit aggravated robbery, also in violation of R.C. 2903.01.  Count 2 of the indictment charged appellant with aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree.  All three of the charges in the indictment were accompanied by a three-year firearm specification.

{¶ 5}   On May 22, 1991, the trial court made a determination that appellant was competent to stand trial for the charges in the indictment.  On August 7, 1991, appellant withdrew his plea of not guilty and pleaded guilty to aggravated murder while committing or attempting to commit aggravated robbery with a firearm specification and attempted aggravated robbery with a firearm specification.  The trial court sentenced appellant, as to Count 1, to life in prison with parole eligibility after serving 20 years with an additional 3 years for the firearm specification and a $25,000 fine.  As to Count 2, the trial court sentenced appellant to a prison term of 3 to 15 years with an additional 3 years for the firearm specification. The trial court ordered appellant to serve the prison terms consecutively but merged the 2 firearm specifications.

---

[1] A copy of the motion is not part of the record in this case.

{¶ 6} Appellant did not appeal to this court from the judgment of conviction and sentence. However, on October 22, 2019, more than 29 years after appellant was sentenced, appellant filed a motion to vacate the judgment of conviction. In his motion, appellant alleges the adult court did not have jurisdiction to hear and determine the criminal charges brought against him because the juvenile court failed to properly transfer the case. More particularly, appellant argues the juvenile court failed to satisfy the physical examination requirement of former R.C. 2151.26(A)(1) and former Juv.R. 30 prior to transferring the case to adult court.

{¶ 7} In appellee's memorandum in opposition to appellant's motion to vacate his conviction and sentence, appellee argued that appellant's motion should be construed as an untimely motion for postconviction relief, res judicata barred appellant's motion, and the motion was without merit because a physical examination of appellant was, in fact, conducted prior to the transfer of the case to the common pleas court. In support of the memorandum in opposition, appellee attached a copy of the juvenile court's August 30, 1990 journal entry and what appellee claims to be a copy of a July 25, 1990 examination report authored by Haheswora Nanda Biadya, M.D.[2]

{¶ 8} On November 26, 2019, the trial court denied appellant's motion. The trial court first construed appellant's motion as a motion for postconviction relief brought pursuant to R.C. 2953.21 and denied the motion as untimely filed. In the alternative, the trial court determined that res judicata barred appellant's motion. Finally, the trial court determined that even if appellant's motion were considered on the merits, the motion fails because the juvenile court did, in fact, comply with the physical examination requirement of former Juv.R. 30 and former R.C. 2151.26(A)(1).

{¶ 9} Appellant timely appealed to this court from the November 26, 2019 judgment.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellant assigns the following as trial court error:

> The trial court erred and due process was denied when the court overruled the Defendant's motion asserting that his judgment of conviction was void ab initio because the juvenile court failed to conduct a physical examination of the

---

[2] The report of appellant's physical examination is not part of the record in this case.

Defendant prior to transferring jurisdiction to the general division of the court of common pleas.

## III.  LEGAL ANALYSIS

### A.  Assignment of Error

{¶ 11}  In appellant's sole assignment of error, appellant contends the trial court erred, for a number of reasons, when it denied his motion to vacate the August 7, 1991 judgment.  We disagree.

{¶ 12}  The transfer of a criminal matter involving a minor from the juvenile court to the general division of the common pleas court for the prosecution of a minor as an adult is "a statutory process that 'is generally referred to as a bindover procedure.' " *Smith v. May*, ___ Ohio St.3d ___, 2020-Ohio-61, ¶ 3, quoting *State v. Wilson*, 73 Ohio St.3d 40, 43 (1995). Under the statutory scheme, " '[t]he juvenile court has exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child.'  But if a child is old enough and is alleged to have committed an act that would be a felony if committed by an adult, the juvenile court may (or may be required to) transfer its jurisdiction to the appropriate adult court for criminal prosecution."  *Smith* at ¶ 3, quoting R.C. 2151.23(A)(1).

{¶ 13}  Appellant's primary argument in this case is that the failure of the juvenile court to include a physical examination in the course of its bindover investigation was a jurisdictional defect that prevented the common pleas court from obtaining jurisdiction to try appellant as an adult.  Under Ohio law, a writ of habeas corpus is the appropriate remedy where "[a] party [is] detained pursuant to the judgment of a court * * * if the court lacked jurisdiction to enter the judgment."  *Stahl v. Shoemaker*, 50 Ohio St.2d 351, 354 (1977). "However, non-jurisdictional errors afford no basis for issuing the writ [as] [h]abeas corpus is not a substitute for appeal."  *Id*.

{¶ 14}  We agree with appellant that where a trial court receives an untimely petition for postconviction relief that challenges a void conviction or sentence, it must ignore the procedural irregularities, vacate the void sentence, and resentence the offender.  *State v. Smotherman,* 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 8.  However, as set forth below, appellant's conviction and sentence in this matter were not void but merely voidable.

{¶ 15}  When appellant committed the offenses at issue, the bindover statute, former R.C. 2151.26, provided in relevant part:

> (A)(1) * * * After a complaint has been filed alleging that a child is a delinquent child for committing an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:
>
> * * *
>
> (c) After an investigation, *including a mental and physical examination of the child made by a public or private agency or a person qualified to make the examination*, and after consideration of all relevant information and factors, * * * that there are reasonable grounds to believe that:
>
> (i) He is not amenable to care or rehabilitation * * * in any facility designed for * * * delinquent children;
>
> (ii) The safety of the community may require that he be placed under legal restraint * * *.

(Emphasis sic.) *State v. Golphin*, 81 Ohio St.3d 543, 545 (1998). *See* 144 Ohio Laws, Part II, 2745-46.

{¶ 16} At the time appellant committed the offenses, former Juv.R. 30(B) contained similar language as follows:

> If the court finds probable cause, it shall continue the proceedings for full investigation. *The investigation shall include a mental and physical examination of the child* by a public or private agency or by a person qualified to make the examination.

(Emphasis sic.) *Golphin* at 545.

{¶ 17} *Golphin* is a case decided by the Supreme Court of Ohio under similar facts to those presented herein. In *Golphin*, a juvenile offender was convicted of murder in adult court after the juvenile court relinquished jurisdiction. The court of appeals reversed. The Supreme Court affirmed the judgment of the court of appeals, holding that because the juvenile court failed to comply with former R.C. 2151.26 by requiring mental and physical examinations of defendant, the common pleas court lacked jurisdiction over him. *Id.* at 547.

{¶ 18} In determining whether the failure of the juvenile court to include a physical examination in the investigation constituted a jurisdictional defect in the bindover proceedings, the *Golphin* court stated:

R.C. 2151.26 requires that an investigation be conducted before bindover, and, in 1994 and 1995, the statute expressly required that the background investigation include both a mental and physical examination. It follows that the court's bindover order in the case at bar was, at best, premature. The record fails to show the completion of the full investigation required to be conducted by statute before the court was authorized to make the critical determinations of whether Golphin was amenable to rehabilitation within the juvenile system and whether the safety of the community required that he be placed under legal restraint. *See*, *also State v. Douglas* (1985), 20 Ohio St. 3d 34, 36, 20 Ohio B. Rep. 282, 284, 485 N.E.2d 711, 712 (*"As long as sufficient, credible evidence pertaining to each factor* [enumerated in Juv.R. 30(E)] *exists in the record before the court,* the bind-over order should not be reversed in the absence of an abuse of discretion." [Emphasis added.])

Moreover, this court held unanimously in *Gaskins v. Shiplevy* (1995), 74 Ohio St. 3d 149, 656 N.E.2d 1282, that a juvenile who alleged that he had been given no mental and physical examination prior to relinquishment of jurisdiction by a juvenile court stated a claim which, if true, demonstrated that the common pleas court that convicted him of a crime lacked jurisdiction over him. We discern no convincing reason to depart from this existing precedent in resolving the cause before us.[3]

*Id.* at 546.

{¶ 19} The *Golphin* court relied on its prior ruling in *Gaskins v. Shiplevy*, 74 Ohio St.3d 149 (1995) ("*Gaskins I*"), in concluding that the physical examination requirement of former R.C. 2151.26 and Juv.R. 30 was jurisdictional in nature. The Supreme Court, however, in *Smith* recently overruled *Gaskins I.*

{¶ 20} In *Smith,* four delinquency complaints were filed in juvenile court against appellant, Ja'Relle Smith, who was then 16 years old. Based on his age and the severity of the charges, the cases were transferred to adult court, where Smith was convicted of 5 felony counts and sentenced to an aggregate prison term of 16 years. In 2017, he filed a pro se petition for a writ of habeas corpus in the court of appeals alleging that the juvenile court

---

[3] The *Golphin* court "acknowledge[d] that the General Assembly amended R.C. 2151.26, effective January 1, 1996, to eliminate the requirement that a juvenile be given a physical examination prior to relinquishment of juvenile court jurisdiction [and] in July 1997, Juv.R. 30 was amended to accord with the new statute by deleting all references to physical examination of juveniles." *Id.* at 546.

had not fully complied with the procedures for transferring jurisdiction to the adult court because it had not timely notified his father of a hearing in one of the juvenile court cases that led to the transfer of some of the charges. The court denied the writ, and Smith appealed to the Supreme Court.

{¶ 21} The Supreme Court held that the failure to provide timely notice did not prevent the juvenile court from transferring subject-matter jurisdiction to the adult court. In so holding, the court determined that deviation from a bindover procedure creates a jurisdictional defect only if the applicable statute clearly makes the procedure a prerequisite to the transfer of subject-matter jurisdiction to an adult court. *Id.* at ¶ 29. In analyzing the current bindover statute, R.C. 2152.12(G), the Supreme Court concluded that nothing in the statutory language suggested that the provision of notice was a prerequisite to the transfer of subject-matter jurisdiction to an adult court. *Id.* Accordingly, the Supreme Court found the juvenile court's failure to timely notify defendant's father of a hearing did not prevent the juvenile court from transferring subject-matter jurisdiction to the adult court. *Id.* at ¶ 32. The Supreme Court also determined that because the alleged defect in the bindover proceedings was not jurisdictional, defendant had had a valid remedy at law through appeal. *Id.* at ¶ 35.

{¶ 22} In overruling *Gaskins I*, the *Smith* court noted that on remand following *Gaskins I*, "the warden presented evidence showing that Gaskins had affirmatively waived his right to [the physical and mental] examinations." *Smith* at ¶ 25 citing *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 381 (1996) ("*Gaskins II*"). The *Smith* court then observed: "In *Gaskins I*, this court had viewed all the requirements of the bindover procedure as jurisdictional (and thus not waivable). *Gaskins I* at 151. But *Gaskins II* held that the evidence of waiver showed that there had been 'full compliance with the bindover procedure,' *id.* at 382, thus signaling that the mandates of the bindover statute were not jurisdictional after all." *Smith* at ¶ 25.

{¶ 23} Even though the Supreme Court, in *Smith*, did not expressly overrule *Golphin*, and even though *Smith* was decided under the current version of the bindover statute, which does not include a physical examination requirement, because the *Smith* court expressly overruled *Gaskins I* and rejected the reasoning applied therein, we conclude that, pursuant to *Smith*, the juvenile court's alleged failure to require a physical

examination prior to transferring the case to the common pleas court did not deprive the common pleas court of jurisdiction to try appellant as an adult. *Smith* at ¶ 35.

{¶ 24} While we believe *Smith* is dispositive of the jurisdictional issue, we note that in 2018, the Supreme Court decided *Johnson v. Sloan*, 154 Ohio St.3d 476, 2018-Ohio-2120, a case virtually on all fours with the instant case. The facts of that case are as follows. In December 1986, when Johnson was 15 years old, he and his older brother Charles embarked on a crime spree during which they committed the robbery and murder of Christine Kozak, along with several other robberies. The juvenile court transferred the two cases against Johnson to the common pleas court. In one of those cases, Johnson was convicted of the aggravated murder of Kozak.

{¶ 25} In 2016, Johnson filed a petition for a writ of habeas corpus in the murder case alleging that the common pleas court lacked jurisdiction due to his allegedly defective transfer from the juvenile court. More particularly, Johnson alleged that he was never given the mandatory physical examination, even though the transfer order indicated that a physical examination had occurred. The Eleventh District Court of Appeals granted the state's motion to dismiss the petition on finding that the physical examination had been conducted as evidence by the journal entry from the juvenile court. *Id.* at ¶ 16. Johnson appealed to the Supreme Court.

{¶ 26} In concluding that Johnson's petition for a writ of habeas corpus failed to state a claim, the *Johnson* court reviewed the current state of the law, including *Golphin* and the two *Gaskins* decisions:

> Absent a proper bindover, the juvenile court has exclusive subject-matter jurisdiction over any case concerning a child who is alleged to be delinquent. *State v. Wilson*, 73 Ohio St.3d 40, 44, 1995-Ohio-217, 652 N.E.2d 196 (1995). If the juvenile court fails to comply with the mandatory requirements of the bindover statute, its purported transfer to adult court is ineffective and any judgment issued by the adult court is void. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 617, 2001-Ohio-1803, 752 N.E.2d 1153 (2001). If the juvenile court fails to require a physical examination when required by statute, the resulting judgment in the adult court is void. *State v. Golphin*, 81 Ohio St.3d 543, 547, 1998-Ohio-336, 692 N.E.2d 608 (1998).
>
> In *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 1995-Ohio-262, 656 N.E.2d 1282 (1995) ["*Gaskins I*"], an inmate sought

a writ of habeas corpus, alleging that he had been transferred from juvenile court to adult court without the mandatory physical and mental examinations. We held that *if* the bindover was improper, his conviction in adult court would be void and Gaskins would be entitled to habeas relief. *Id.* at 151. We remanded the case to the court of appeals to determine whether the bindover was proper.

On remand, the court of appeals ordered the warden to respond to Gaskins's petition and ultimately dismissed the petition based on a statement in the transfer order that Gaskins had waived his right to the physical and mental examinations. We affirmed, holding that

> [s]ince Gaskins' claims of improper bindover below * * * are rebutted by the juvenile court journal entry incorporated in [the warden's response], the court of appeals did not err in denying his requested habeas corpus relief without first holding a hearing, waiting for the completion of discovery, or requiring Gaskins's presence before the court.

*Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382-383, 1996-Ohio-387, 667 N.E.2d 1194 (1996) ("*Gaskins II*"). We also noted that habeas relief is not available to an inmate who has an adequate remedy at law and that Gaskins could have pursued other remedies to challenge the transfer order. *Id.* at 383.

The facts in *Gaskins II* are analogous to those presented by Johnson in this case. Based on that authority, the court of appeals was correct to dismiss his petition for failure to state a claim cognizable in habeas corpus.

(Emphasis sic.) *Johnson* at ¶ 14-17.

{¶ 27} Even though the *Johnson* court cited the *Golphin* case with apparent approval, the *Johnson* court affirmed the dismissal of Johnson's habeas petition because he possessed an adequate remedy at law to raise the physical examination issue in his direct appeal from his conviction and sentence. By expressly relying on *Gaskins II* in affirming the court of appeals, however, the *Johnson* court agreed that the physical examination requirement of former R.C. 2151.26(A)(1) was waivable. As the Supreme Court subsequently stated in *Smith*, "*Gaskins II* held that the evidence of waiver showed that there had been 'full compliance with the bindover procedure,' *id*. at 382, thus signaling that the mandates of the bindover statute were not jurisdictional after all." *Smith*, 2020-Ohio-61, at ¶ 25.

{¶ 28} In light of the decisions of the Supreme Court in *Johnson* and *Smith*, we are convinced that the alleged error in the journal entry transferring appellant's case to the common pleas court was not the type of error that would deprive the general division of jurisdiction to try appellant as an adult. Accordingly, we find the juvenile court's alleged failure to satisfy the physical examination requirement of former R.C. 2151.26(A)(1) prior to transferring the case to adult court resulted in, at most, a violation of appellant's statutory due process rights.

{¶ 29} Under Ohio law, where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her conviction or sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. *State v. Randlett*, 10th Dist. No. 06AP-1073, 2007-Ohio-3546, ¶ 17.[4] Because we have determined the alleged defect in the bindover proceedings are not jurisdictional in nature, we hold the trial court correctly construed appellant's motion to vacate his conviction and sentence as a petition for postconviction relief pursuant to R.C. 2953.21.

{¶ 30} R.C. 2953.21(A) provides in part that subject to certain exceptions in R.C. 2953.23, a petition for postconviction relief shall be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. R.C. 2953.21(A)(2); *Smotherman*, 2016-Ohio-8133, at ¶ 7. In the event no appeal is taken, the petition shall be filed no later than 365 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2); *Smotherman* at ¶ 7. There is no dispute that appellant did not meet this deadline as he filed his petition 29 years after his conviction and sentence became final.

{¶ 31} R.C. 2953.23(A)(1) provides that a court may not entertain an untimely petition for postconviction relief unless certain conditions are met. *Smotherman* at ¶ 8. Before a court may consider an untimely petition for postconviction relief, a petitioner must demonstrate that: (1) he was unavoidably prevented from discovering the facts on which his petition relies or that the petitioner's claim relies on a newly created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder

---

[4] R.C. 2953.21(K) provides: "Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

would have found him guilty in the absence of the alleged constitutional error. *Id.* "A trial court lacks subject-matter jurisdiction over an untimely or successive petition for postconviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A)." *State v. Conway*, 10th Dist. No. 17AP-90, 2019-Ohio-382, ¶ 8, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36 ("a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition").  Appellant made no claim in the trial court that any of the R.C. 2953.23(A)(1) exceptions applied to his petition.  Because appellant's petition is an untimely petition for postconviction relief, and because appellant failed to produce evidence to support a finding that any of the R.C. 2953.23(A)(1) exceptions applied, the trial court lacked jurisdiction to entertain appellant's petition. *Conway*; *Apanovitch*.  *See also State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838; *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014, ¶ 15, *appeal not accepted*, 156 Ohio St.3d 1478, 2019-Ohio-3148.

{¶ 32} This court has previously advised that trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking, rather than denying the petition on some other grounds. *See, e.g., State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 (the trial court did not err in denying appellant's petition on the merits, though technically the petition should have been dismissed for lack of jurisdiction); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (though the untimely postconviction petition should have been dismissed for lack of jurisdiction, the trial court did not err by denying the petition on the merits).  Accordingly, we conclude that even though the trial court should have dismissed appellant's petition for the lack of jurisdiction rather that denying the petition, we agree with the trial court's disposition of appellant's petition, and we affirm the trial court's judgment.  Because the trial court lacked jurisdiction to entertain appellant's motion, there

is no need for this court to address the merits of the motion or the affirmative defense of res judicata.

{¶ 33} For the foregoing reasons, appellant's assignment of error is overruled.

## IV.  CONCLUSION

{¶ 34} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER, J., concurs.
NELSON, J., concurs in judgment.

NELSON, J., concurring in judgment.

{¶ 35} Because I believe that the record in this case obviates the claimed jurisdictional concerns, I agree in affirming the judgment of the trial court.

_____