OPINION
{¶ 1} Defendant-appellant, Sarah Catherine Bene, appeals from her judgment of conviction and sentence in the Clermont County Court of Common Pleas for three counts of rape. For the reasons outlined below, the judgment of the trial court is reversed as to sentencing only and this case is remanded for resentencing.
 {¶ 2} On June 2, 2004, appellant was indicted in Clermont County on 12 counts of rape under R.C. 2907.02(A)(1)(b) for acts committed against her sisters and a cousin during the years of 1992 to 1998. In September 2004, appellant moved to either dismiss the charges filed against her or transfer the case to the juvenile division for adjudication. Appellant, whose date of birth is March 17, 1979, argued, in relevant part, that the indictment included charges which were alleged to have been committed prior to age 15 and were therefore ineligible for adjudication in the court's general division. Appellant further argued that due process and her constitutional right to confront and cross-examine the witnesses against her would be compromised by the acceptance of testimony by witnesses who would have been presumptively incompetent to testify during the times of the alleged offenses. Appellant and the state submitted a stipulation of facts, indicating that the facts relevant to counts one through three of the indictment were alleged to have occurred between the years 1992 and 1993. The trial court granted appellant's motion to dismiss as to the first three counts of the indictment only, finding, by the submitted stipulation, that the charges were ineligible for trial in the court's general division.
 {¶ 3} On February 9, 2005, appellant entered pleas of guilty to amended charges under counts four, seven, and ten, with the state dismissing the balance of the indictment. Counts four and seven were amended to remove the allegation that force was used and count ten was amended to remove the allegation regarding the victim's age, thereby removing the life imprisonment specifications on all counts. On May 17, 2005, the trial court found appellant to be a sexually-oriented offender and sentenced her to four years imprisonment on each of the three counts, ordering them to run consecutively for a total term of 12 years. Appellant moved for leave to file delayed appeal which was granted by this court by an entry dated November 3, 2005. Appellant raises six assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "TRIAL COURT ERRED BY SENTENCING TO THE DETRIMENT OF DEFENDANT-APPELLANT TO GREATER THAN THE MINIMUM SENTENCE ON EACH COUNT."
 {¶ 6} Appellant's first assignment of error argues that the trial court's reliance upon statutory findings in determining her sentence violated her Sixth Amendment rights and the rule set forth by the United States Supreme Court in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 7} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Among these sections were R.C. 2929.14(B) and R.C. 2929.19(B)(2) which required judicial fact finding before the imposition of sentences beyond the minimum term. Foster at ¶ 97-99. In addition, R.C.2929.14(E)(4) and R.C. 2929.41(A), which required judicial fact-finding before the imposition of consecutive sentences were also found to be unconstitutional. Id. As a result of the severance of those provisions from Ohio's sentencing code, judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required under the circumstances herein. Foster at ¶ 100.
 {¶ 8} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Foster at ¶ 104. Given the fact that unconstitutional sentencing provisions were utilized by the trial court in this case, we must remand this case for resentencing, consistent with Foster. On remand, the trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing consecutive or more than minimum sentences. Appellant's first assignment of error is sustained.
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "TRIAL COURT ERRED BY IN RELYING ON STATEMENTS FROM VICTIMS WHO WERE UNDER TEN YEARS OF AGE, AND WERE INCOMPETENT TO TESTIFY."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "IN THE ALTERNATIVE, TRIAL COURT ERRED BY FAILING TO CONDUCT A HEARING TO DETERMINE COMPETENCY TO TESTIFY."
 {¶ 13} As appellant's second and third assignments of error are related, we will address them jointly. Within the two assignments of error, appellant argues she was prejudiced by the trial court's reliance on testimony and statements from witnesses who were incompetent to testify due to their age at the time the offenses were committed, or alternatively, that the trial court erred in failing to conduct a hearing to determine the competency of those witnesses. The victims identified under the three counts to which appellant plead guilty were appellant's half-sisters, J.H. (D.O.B. 7/22/89), and C.H. (D.O.B. 3/1/86), and appellant's cousin, C.A. (D.O.B. 7/22/83), who reported that appellant forcibly performed cunnilingus upon them and forced them to perform cunnilingus upon her and upon each other.
 {¶ 14} Ohio Evid.R. 601 states that a child under the age of ten is presumed incompetent for purposes of testifying as a witness in a trial. However, issues relating to witness competency and the need for a hearing to determine the capacity of a child to testify are wholly inapplicable to this case. All of the victims, although children when the offenses were committed against them, were well beyond the age of presumed competency for the purposes of witness testimony by the date of appellant's indictment.[1] As such, appellant's challenge can only logically pertain to the reliability and credibility of witnesses who may have testified against her, had she proceeded to trial. However, such concerns were waived by her voluntary plea of guilty and the waiver of her right to a jury trial and the confrontation of witnesses.
 {¶ 15} "A plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Crim.R. 11(C)(2)(c) expressly explains that a knowing, voluntary plea of guilty waives a defendant's right to a jury trial, and the right to confront the witnesses against him or her. Further, the Ohio Supreme Court has clearly stated that a guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, ¶ 78. The court went on to explain that "a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Id. Finding that Fitzpatrick's challenges related to neither the court's jurisdiction nor the voluntary nature of his plea, the court held the assignments of error were precluded from consideration on appeal.
 {¶ 16} It is clear that such a rule is applicable in the case before us. Appellant pled guilty to the three counts which she challenges on appeal and she does not present any argument challenging the informed, knowing, or voluntary nature of her pleas. Had appellant wished to challenge the allegations made by the victims, she had the right to proceed to trial and confront her accusers and challenge the credibility of their statements. Any claims regarding the reliability of the statements of the witnesses against her were waived by her knowing and voluntary plea of guilty. Finding appellant's second and third assignments of error to be entirely without merit, they are overruled.
 {¶ 17} Assignment of Error No. 4:
 {¶ 18} "TRIAL COURT ERRED BY ALLOWING PROSECUTION TO MAKE STATEMENTS INVOLVING HEARSAY AT THE SENTENCING HEARING OF DEFENDANTA-PPELLANT."
 {¶ 19} Appellant contends that the state introduced inadmissible hearsay evidence at the sentencing hearing and that the court's acceptance of the evidence was plain error. Appellant argues that the admission of this hearsay evidence deprived her of her Sixth Amendment right to confront the witnesses against her.
 {¶ 20} At appellant's sentencing hearing on May 17, 2005, victim C.A. addressed the court and described the impact that the sexual assaults have had on her life. The prosecution then addressed the court and described an interview he conducted with the two other victims in the case, appellant's two younger sisters, in which they had described the abuse and the impact it has had on their lives. The prosecutor described how, as the two victims gave their accounts of the events that took place, "they wept," and presented their statements in an effort to describe the brutality of the sexual assaults as it pertained to the court's sentencing decision.
 {¶ 21} Our previous discussion with regard to appellant's right to confront the witnesses against her is equally relevant under this assignment of error. Appellant's knowing and voluntary plea of guilty was a complete admission of guilt and waived her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Further, Evid.R. 101(C) clearly identifies sentencing hearings as among those certain criminal proceedings in which the rules of evidence, including the hearsay rule, do not apply. Accordingly, we have continued to hold that a trial court is free to rely on reliable hearsay in its sentencing decision. State v. Hyland, Butler App. No. CA2005-05-103,2006-Ohio-339, citing State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291. No challenge to the reliability of the state's presentation of victims' statements was made at the sentencing hearing. We find no error in the court's reliance on the state's evidence and appellant's fourth assignment of error is overruled.
 {¶ 22} Assignment of Error No. 5:
 {¶ 23} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 24} In her fifth assignment of error, appellant argues that she was denied her Sixth Amendment right to the effective assistance of counsel. Appellant contends that her trial counsel failed to object to the hearsay offered by the state at appellant's sentencing hearing and denied her the ability to confront and cross-examine witnesses. Appellant also asserts that she may not have agreed with the allegations of force in the charges against her, that she may not have been aware of her right to a jury trial, that she was on medications at the time of the hearings, and that she followed the advice of counsel in not pursuing the motion to dismiss when she could have been advised otherwise.
 {¶ 25} To prevail on an ineffective assistance of counsel claim, a criminal defendant must demonstrate both that her counsel's performance was deficient, and that she was prejudiced by that deficient performance. State v. Wells, Warren App. No. CA2005-04-050, 2006-Ohio-874, ¶ 10; Strickland v. Washington
(1984), 466 U.S. 686, 687, 104 S.Ct. 2052. Failure to sufficiently establish either element will preclude the claim. Id. To demonstrate that counsel's performance was deficient, a defendant must show that her counsel's representation "fell below an objective standard of reasonableness." Id. To show that she was prejudiced by that deficient performance, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id.
 {¶ 26} It is well-established that a guilty plea waives the right to claim that the defendant was prejudiced by the ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Caldwell (Aug. 13, 2001), Butler App. No. CA99-08-144, at 9-10, citing State v. Spates,64 Ohio St.3d 269, 1992-Ohio-130. "In order to prove a claim of ineffective assistance of counsel in the context of a guilty plea, `the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pled guilty and would have insisted on going to trial.'" Id. at 10, quoting Hillv. Lockhart (1995), 474 U.S. 52, 59, 106 S.Ct. 366.
 {¶ 27} Accordingly, appellant must demonstrate an error on the part of her trial counsel which affected the knowing or voluntary nature of her plea of guilty to the amended charges. However, the only claims made by appellant are that she "may not have agreed" with the allegations of force, that she "may not have been aware" of her right to a jury trial, and that she "could have been advised otherwise." Appellant's mere suggestions and potential dissatisfaction are insufficient to establish either element of a claim of ineffective assistance of counsel. And, with regard to sentencing, although appellant challenges her counsel's failure to object to the hearsay statements offered by the state at appellant's sentencing hearing, it is clear pursuant to our discussion above that any objection would have been without merit and therefore no error or prejudice to appellant occurred thereby.
 {¶ 28} Although appellant makes no direct challenge to the knowing or voluntary nature of her pleas, we do note that the trial court fully complied with Crim.R. 11 in the acceptance of appellant's guilty pleas. The court proceeded through an extensive and thorough dialogue with appellant to ensure that she understood each of the three remaining charges against her, the potential penalties she faced, and that she was entering her pleas voluntarily. The court also specifically addressed appellant's right to a jury trial and her right to confront and cross-examine the witnesses against her, ensuring appellant understood those rights and that she would be waiving them by the entry of her guilty pleas. The court also addressed the fact that appellant was on certain medications at the time of the plea hearing, and asked both appellant and her counsel whether those medications had any effect on her ability to knowingly and voluntarily enter her pleas of guilty. Both appellant and her counsel responded that the medications did not impair her ability to knowingly and voluntarily enter the guilty pleas. The court even questioned appellant about the quality of her trial counsel's performance, and asked if appellant if she had confidence in the advice she had received; to which appellant replied, "Yes."
 {¶ 29} It is also clear, despite appellant's argument that she could have been advised to pursue dismissal of all of the charges in the indictment, that appellant's trial counsel was effective in greatly reducing the charges and penalties appellant faced in the original indictment. Trial counsel was able to have three of the charges against appellant dismissed by motion and was able to enter into an agreement with the state in which the state dismissed six more pending charges and amended the remaining three in order to allow appellant to avoid life imprisonment specifications. Because appellant has wholly failed to demonstrate any errors on the part of her trial counsel as it relates to her knowing and voluntary decision to plead guilty, appellant's fifth assignment of error is overruled.
 {¶ 30} Assignment of Error No. 6:
 {¶ 31} "TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANTA-PPELLANT'S MOTION TO DISMISS ON ALL CHARGES."
 {¶ 32} Appellant's sixth assignment of error re-examines previous assignments of error regarding the competency of the witnesses against her and the effective assistance of her trial counsel, and argues that the trial court erred in denying her motion to dismiss because the court relied on the statements of witnesses who were incompetent to testify before the court.
 {¶ 33} Again, issues of witness competency are wholly inapplicable to the facts presented in this case and we can only interpret appellant's argument to challenge the reliability and sufficiency of the evidence available against her had she proceeded to trial. However, such a determination is wholly inappropriate for a motion to dismiss. Crim.R. 12(C), governing pretrial motions, including motions to dismiss, states:
 {¶ 34} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."
 {¶ 35} This court applied the requirements of Crim.R. 12 inState v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618. In Riley, the defendant's motion to dismiss challenged an indictment charging him with conspiracy trafficking of cocaine. Id. at p. 2. The charges resulted from a controlled drug operation in which Riley attempted to purchase "fleece" from an undercover officer, believing it to be a $5 piece of crack cocaine. Id. at p. 3. Riley challenged the indictment, arguing that even if the facts as alleged were true, no crime was committed. Id. The trial court agreed and dismissed the indictment. Id.
 {¶ 36} On the state's appeal, we reversed, finding that the trial court had improperly assessed the sufficiency of the state's evidence in finding the "fleece" insufficient to support the charges in the indictment. Id. at p. 4. Citing Crim.R. 12, we held that "a pretrial motion must not entail a determination of the sufficiency of the evidence to support the indictment." Id., citing State v. O'Neal (1996), 114 Ohio App.3d 335 (reversing dismissal of indictment for possession of cocaine). "Such a determination cannot be properly made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion." Id. at p. 5, citing State v. Carpenter, (Aug. 17, 1998) Butler App. No. CA98-02-034 (reversing dismissal of charge of importuning).
 {¶ 37} A similar situation was presented by appellant's motion to dismiss in this case. Appellant's motion challenged the reliability and competency of the witnesses against her, arguing that her right to confront witnesses was compromised by the fact that the witnesses against her would potentially be testifying to events which occurred prior to an age when they would have been presumed competent to testify. However, such determinations regarding the reliability and credibility of witnesses and the sufficiency of the evidence is improper for a motion to dismiss and the trial court therefore properly denied it. Appellant's sixth assignment of error is without merit and is overruled.
 {¶ 38} Having reviewed the assignments of error, the judgment of the trial court is reversed as to sentencing only and this case is remanded for resentencing in accordance with this opinion.
 {¶ 39} Judgment reversed as to sentencing only and remanded for resentencing.
Walsh, P.J., and Young, J., concur.
[1] Additionally, we note that appellant's counsel has repeatedly, within her appellate brief, cited to sections of Ohio Jurisprudence 3d in support of her propositions regarding witness competency and the capacity of a child to testify. However, the sections cited by counsel are wholly unrelated to those issues.