[Cite as *State v. Bryant*, 2014-Ohio-5306.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-333 |
| v. | : | (C.P.C. No. 12CR-270) |
| Willis Bryant, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 28, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Willis Bryant, Jr., appeals from a judgment entered by the Franklin County Court of Common Pleas following a resentencing hearing held pursuant to this court's November 19, 2013 decision reversing and remanding the sentences imposed for his aggravated burglary and rape offenses. *State v. Bryant*, 10th Dist. No. 12AP-703, 2013-Ohio-5105.

## I. BACKGROUND

{¶ 2} Appellant was indicted on one count of kidnapping, one count of aggravated burglary, two counts of gross sexual imposition, one count of attempted rape, and one count of rape. Appellant pleaded guilty to one count of aggravated burglary and one count

of rape. Following a sentencing hearing, the trial court imposed prison sentences of 10 years for the aggravated burglary and 11 years for the rape, with the sentences to be served consecutively. Appellant's subsequent motion to withdraw his guilty plea was denied by the trial court.

{¶ 3} Appellant appealed, arguing the trial court erred by failing to merge the convictions for aggravated burglary and rape and by imposing consecutive sentences without making the necessary findings under R.C. 2929.14(C)(4). Appellant also argued that his guilty plea was not entered knowingly, voluntarily, and intelligently and that the trial court erred by denying his motion to withdraw his guilty plea.

{¶ 4} In our November 19, 2013 decision, we set forth the facts regarding the incident at issue as summarized by the prosecutor at the guilty plea hearing:

> This incident occurred in Franklin County, * * * December 5th of 2011, at * * * 3685 Cleveland Avenue, Apartment A-9. [The victim] * * * is a resident there. [Appellant] also lives just down the street at 3734 Cleveland Avenue. The two had crossed paths before but didn't really know * * * one another very well.
>
> [Appellant] confronted her in the area of her apartment, producing a knife or a box-cutter-type weapon, forced her back into her apartment, where there he grabbed her nipples, he groped her on top of her jeans. He threatened her, threatened to kill her if she did not have sex with him. He attempted vaginal intercourse. She said that she was on her period so that she couldn't do that. [Appellant] became more angry, taking the knife, holding it to her throat and head area, forcing her to perform fellatio then on him. * * * She pretended to comply so that he would not harm her because he was threatening to kill her with this weapon.
>
> She then – there was a scuffle that ensued during this. He fled, she fled, she was able to get back into her apartment, lock the door, called 9-1-1.

Id. at ¶ 6, citing Aug. 14, 2012 Plea Hearing Tr. 24-25.

{¶ 5} We affirmed appellant's convictions and the trial court's denial of his motion to withdraw his guilty plea. However, we vacated appellant's sentence and remanded the matter to the trial court for proper sentencing, including application of

*State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and all applicable statutory sentencing provisions. *Bryant* at ¶ 35.

{¶ 6} In our discussion of *Johnson*, we acknowledged the two-part test employed therein for conducting allied-offense analysis. *Id.* at ¶ 11. "Under the two-part *Johnson* analysis, 'we first examine whether the offenses are able to be committed with the same conduct.' " *Id.* at ¶ 12, quoting *State v. Damron*, 10th Dist. No. 12AP-209, 2012-Ohio-5977, ¶ 11. "If it is possible to commit both offenses with the same conduct, the test then requires the court to determine whether the offenses were, in fact, committed by the same conduct, 'i.e., "a single act, committed with a single state of mind." ' " *Id.,* quoting *Johnson* at ¶ 49. "If the answer to both of these inquir[i]es is yes, merger is required; however, 'if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.' " *Id.,* quoting *Johnson* at ¶ 51.

{¶ 7} We also considered the particular offenses at issue, i.e., rape and aggravated burglary. We first noted that rape is defined under R.C. 2907.02(A)(2) as "sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." *Id.* at ¶ 13. We further noted that aggravated burglary under R.C. 2911.11(A)(1) is trespassing by force, stealth or deception in an occupied structure with the purpose to commit within the structure a criminal offense, if the offender inflicts, or attempts or threatens to inflict physical harm on another. *Id.* We stated that "[w]hile courts applying *Johnson* have determined it is possible to commit rape and aggravated burglary with the same conduct, the further inquiry under *Johnson* is whether the offenses were in fact committed by the same conduct." *Bryant* at ¶ 18.

{¶ 8} We recognized that the issue of merger was not discussed during the sentencing hearing and that the record did not indicate the trial court considered or applied *Johnson,* including an examination of appellant's conduct. *Bryant* at ¶ 18. We determined that, while the limited facts recited by the prosecutor at the plea hearing raised an issue as to whether appellant's offenses were subject to merger, "the record on appeal is not developed sufficiently to determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 19, quoting *Johnson* at ¶ 49. Accordingly, we concluded that the matter must be remanded to

the trial court to " 'apply *Johnson* [and] to consider appellant's conduct' and determine whether appellant's offenses should merge."  *Id.*, quoting *State v. Rivera*, 10th Dist. No. 10AP-945, 2012-Ohio-1915, ¶ 66.  We reiterated that "even though the offenses may be of similar import, appellant 'can be sentenced for both if he committed the crimes separately or with a separate animus.' "  *Id.,* quoting *State v. Nguyen*, 4th Dist. No. 12CA14, 2013-Ohio-3170, ¶ 108.

{¶ 9}  In addition, we determined the trial court did not make the requisite findings under R.C. 2929.14(C)(4) before imposing consecutive sentences for appellant's multiple offenses.  However, we stated that "in light of our determination that this matter be remanded to the trial court for re-sentencing in order for the trial court to apply *Johnson* and determine whether the offenses are subject to merger, the issue as to error by the court in failing to make the requisite statutory findings before imposing consecutive sentences is rendered moot."  *Id.* at ¶ 22.  We further averred that "[u]pon remand, if the trial court determines the offenses do not merge, the court must then determine whether consecutive sentences are appropriate, pursuant to R.C. 2929.14(C)(4), and make necessary findings for the imposition of consecutive sentences."  *Id.*  We subsequently denied appellee's motion for reconsideration.  *State v. Bryant*, 10th Dist. No. 12AP-703 (Apr. 10, 2014) (memorandum decision).

{¶ 10} At the April 15, 2014 resentencing hearing, the prosecutor, noting this court's language in *Bryant* regarding the limited factual recitation set forth at the guilty plea hearing, requested the trial court's permission to enter additional facts into the record.  Appellant objected on grounds that such recitation of additional facts violated his constitutional right to confront the witnesses against him.  The trial court implicitly overruled the objection, stating "[t]he Appeals Court was very clear on that issue.  We are here for two things.  My understanding of this decision is that there are two things that need to be done at this resentencing hearing.  There needs to be a discussion whether these two merge, and there needs to be the recitation from the Johnson case.  So at this time I am going to give the prosecution a chance to do exactly what the appellate court has asked."  (Apr. 15, 2014 Tr. 5-6.)

{¶ 11} Thereafter, the prosecutor set forth the following facts:

> [T]hese offenses occurred on December 5, 2011. The victim * * * knew the Defendant as a person from the neighborhood, they had no prior relationship.
>
> [S]he lived inside an apartment inside of a secured building. And she says in her interview that at some point [appellant is] outside yelling at her that he wanted to talk to her. She said, no, I'm getting ready to leave, I don't want to talk to you.
>
> As she leaves her secured door from her apartment into the secured hallway, [appellant is] standing there already inside the apartment building. He had a knife in his hand. He held this knife up to her neck. He told her to perform oral sex on him or he was going to kill her. He then forced her into her apartment, at which point he demanded sex from her, vaginal sex. She said no, she was not going to do that, she was on her period. He kept telling her, you're going to do this or I'm going to kill you. She then, because fearing for her life, performed oral sex on him. He ejaculated, the rape is over.
>
> She says to the officer in her interview, her words was: When I got to the bathroom, he put the knife to my neck and told me to suck his thing. I told him no. And he said, well, he was going to kill me, so I did it. And I thought that was going to make him leave if I did it. Be he didn't leave. So he kept me trapped in my room so I couldn't get out of my room, the door, and he said he was going to kill me because if he didn't, I was going to call the police. So he was going to kill me. So I tried playing like I wasn't going to told [sic] on him and I wasn't going to call the police. But he didn't go for it. So he called his friend, the person that stays with him, and he called him and told him that he was about to kill me because he knew if he leaves then, I'm going to call the police. So I guess the dude that was staying with him said, he's about to come down. So I snatched the phone from him and told him to come and get him. And he said - - he said, well, the door is going to have to already be open because, you know, I'm not allowed into the apartment building. So I said, okay, well, he called before.
>
> And then what happened is that the Defendant stepped outside, she was able to lock the door and call the police.

(Apr. 15, 2014 Tr. 6-8.)

{¶ 12} Following argument by the parties as to the merger issue, the trial court again imposed prison sentences of 10 years for the aggravated burglary and 11 years for the rape, with the sentences to be served consecutively. Regarding merger, the court stated "[t]he Court does find that this rape could have happened without the burglary. The Court does not find that these merge together. The Court does find that after the rape was completed, based upon the facts that are on record now, [appellant] could have left and he chose not to and he chose to threaten this victim with her life if she called the police." (Apr. 15, 2014 Tr. 11-12.)

{¶ 13} As to its imposition of consecutive sentences, the court found that "it is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Apr. 15, 2014 Tr. 12.)[1]

{¶ 14} The court journalized its sentence in a "Resentencing Entry" filed April 15, 2014.

## II. ASSIGNMENTS OF ERROR

{¶ 15} In a timely appeal, appellant sets forth two assignments of error for our review:

> I. THE LOWER COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONTATION OF THE WITNESSES AGAINST HIM.
>
> II. THE TRIAL COURT ERRED BY CONVICTING AND SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR TWO ALLEGED FELONIES OF THE FIRST DEGREE WHEN ONE ALLEGED FELONY, IF COMMITTED AT ALL, WAS MERELY INCIDENTAL TO THE COMMITTING OF THE OTHER ALLEGED FELONY AS SET FORTH IN *JOHNSON*.

---

[1] On appeal, appellant does not argue that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 16} In his first assignment of error, appellant contends the trial court, in permitting the prosecutor to assert additional facts about the incident at the resentencing hearing, violated his right to confront the witnesses against him guaranteed by the Sixth Amendment to the United States Constitution, as well as Article I, Section 10 of the Ohio Constitution.

{¶ 17} Initially, we sua sponte note the procedural posture of this case.  The law of the case doctrine provides "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."  *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924).  The doctrine is "a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results."  *Id.*, citing *Gohman* at 730-31.  "However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."  *Id.*, citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32 (1979).  The law of the case doctrine "functions to compel trial courts to follow the mandates of reviewing courts."  *Id.*  Thus, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."  *Id.* at syllabus, following *Potain* at 32.

{¶ 18} In *Bryant*, this court determined the record was not developed sufficiently to determine whether the aggravated burglary and rape offenses were committed by the same conduct, and we remanded the matter to the trial court to apply *Johnson* and consider appellant's conduct.  Implicit in this court's statement was a directive to the trial court to permit the prosecution to further develop the factual record.  In accordance with *Bryant*, the case proceeded to a resentencing hearing where the trial court properly permitted further factual development by the prosecution.

{¶ 19} Turning to appellant's substantive argument, he relies on *Crawford v. Washington*, 541 U.S. 36 (2004).  In *Crawford*, the Supreme Court of the United States held that the Sixth Amendment Confrontation Clause bars "testimonial statements of a

witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.* at 53-54. The court distinguished between testimonial and nontestimonial hearsay and held that only testimonial statements implicate the Confrontation Clause. *Id.* at 68. Although the court did not provide a definitive definition of "testimonial," it averred that the term "applies at a minimum" to prior testimony at a preliminary hearing, before a grand jury or at a former trial, and to police interrogations. *Id.* As to police interrogations, the court observed that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* at 51. Appellant maintains that the averments made by the prosecutor at the resentencing hearing regarding the victim's statement to the police were made in violation of *Crawford.*

{¶ 20} Appellant fails to cite any authority applying *Crawford* to sentencing cases. As noted, *Crawford* held that only testimonial statements implicate the Sixth Amendment Confrontation Clause. Here, appellant protests the trial court's use of the victim's purported statement to the police in its sentencing determination; however, appellant does not definitively assert that the statement is testimonial in nature. Rather, appellant equivocally states that "it is unclear if [the statement] is testimonial evidence or not....it is unclear and appears to be a blend of both, as purportedly reported by the police officer." (Appellant's Brief, 9.)

{¶ 21} Moreover, this court has held that the admission of hearsay evidence at a sentencing hearing does not deprive a defendant of his federal constitutional right to confrontation. *State v. Randlett*, 10th Dist. No. 06AP-1073, 2007-Ohio-3546, ¶ 25, citing *State v. Bene*, 12th Dist. No. CA2005-09-090, 2006-Ohio-3628, ¶ 21. Appellant's "knowing and voluntary plea of guilty was a complete admission of guilt and waived [his] rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution." *Id.*, quoting *Bene* at ¶ 21. This court further stated that "Evid.R. 101(C) clearly identifies sentencing hearings as among those certain criminal proceedings in which the rules of evidence, including the hearsay rule, do not apply. Accordingly, we have continued to hold that a trial court is free to rely on reliable hearsay in its sentencing decision." *Id.*, quoting *Bene* at ¶ 21.

{¶ 22} Other Ohio courts addressing Confrontation Clause challenges to sentencing hearings have held similarly. For example, in *State v. Wright*, 4th Dist. No. 93CA2110 (July 29, 1994), the defendant argued the trial court failed to inform him of his constitutional right to face his accuser during the plea bargain and sentencing hearing. The court dismissed this argument as "patently meritless," stating, "[t]he Confrontation Clause[s] of the Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution, guarantee only the right to meet or be confronted by 'witnesses' at trial." *Id.* There was, obviously, no trial in this case and no witnesses for appellant to face. *Id.*

{¶ 23} In the present case, this court has already determined that appellant entered a knowing, voluntary, and intelligent guilty plea. *Bryant* at ¶ 24-34. In entering his plea, appellant waived his right to confrontation. *Randlett.* As the only issue before the trial court was a sentencing issue, appellant's unsupported claim that he was deprived of his right to confrontation at the resentencing proceeding lacks merit. Accordingly, the first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 24} In his second assignment of error, appellant contends the trial court erred in failing to merge his convictions for rape and aggravated burglary. Appellant contends that, assuming the facts are sufficient to justify a conviction for aggravated burglary, the crimes of rape and aggravated burglary do not qualify as separate crimes justifying a maximum plus consecutive sentence. Appellant maintains that *Johnson* requires a factual inquiry into his criminal conduct to determine whether rape and aggravated burglary are allied offenses of similar import and whether he acted with a separate animus or a separate purpose in committing the rape and aggravated burglary.

{¶ 25} In *State v. Vargas*, 10th Dist. No. 12AP-692, 2014-Ohio-843, ¶ 13, this court set forth the standard of review applicable to a trial court's determination regarding merger under R.C. 2941.25:

> In reviewing a trial court's determination of whether a defendant's offenses should merge pursuant to the multiple counts statute, the Supreme Court of Ohio has determined a reviewing court should review the trial court's R.C. 2941.25 determination de novo. *State v. Williams,* 134 Ohio St.3d

482, 2012-Ohio-5699, ¶ 1. "Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions. That facts are involved in the analysis does not make the issue a question of fact deserving of deference to a trial court[.]" *Id.* at ¶ 25.

{¶ 26} R.C. 2941.25 provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 27} "Thus, R.C. 2941.25 prohibits merger and allows cumulative punishment if the offenses: (1) lack a similar import/are of dissimilar import, (2) were committed separately, or (3) were committed with a separate animus as to each. These three bars to merger are disjunctive." *Vargas* at ¶ 16, citing *State v. Bickerstaff*, 10 Ohio St.3d 62 (1984).

{¶ 28} A defendant bears the burden of proving at the sentencing hearing that he is entitled to merger pursuant to R.C. 2941.25. *Id.* at ¶ 17, citing *State v. Cochran*, 10th Dist. No. 11AP-408, 2012-Ohio-5899, ¶ 60, citing *State v. Mughni*, 33 Ohio St.3d 65, 67 (1987). "A defendant cannot show he is entitled to merger without demonstrating that the offenses result from the 'same conduct' and share a 'similar import.' " *Id.*, citing *Cochran* at ¶ 60.

{¶ 29} As noted above, in *Bryant*, we reviewed the applicable merger test set forth in *Johnson* as well as the statutory elements of the offenses at issue. Accordingly, we need not reiterate them here.

{¶ 30} Applying the first prong of the *Johnson* test, we determined that it is possible to commit the offenses of rape and aggravated burglary with the same conduct; thus, the offenses are of similar import. *Bryant* at ¶ 17. While appellee cites case law

from other districts holding to the contrary, this court's determination in *Bryant* is the law of the case. *See Nolan.* However, as we noted in *Bryant*, "even though the offenses may be of similar import, appellant 'can be sentenced for both if he committed the crimes separately or with a separate animus.' " *Id.* at ¶ 19, quoting *Nguyen* at ¶ 108. Accordingly, we must review appellant's conduct to determine whether he committed the offenses separately or with a separate animus.

{¶ 31} Appellant contends the aggravated burglary and rape were committed by a single act with a single state of mind. Appellant contends no evidence exists that appellant intended to trespass in the victim's apartment. Appellant maintains that any breach of the victim's doorway was merely incidental to the alleged rape being committed simultaneously and not a purposeful action committed with a separate animus. We disagree.

{¶ 32} The facts of the case as recited by the prosecutor at the guilty plea hearing and the resentencing hearing establish that the aggravated burglary and rape offenses were committed by separate acts. Appellant confronted the victim in the hallway of her apartment building with a knife or box cutter in his hand and threatened to kill her if she did not perform fellatio on him. He then forced his way into the victim's apartment while threatening her life, thereby committing aggravated burglary. Once inside the apartment, appellant forced the victim to perform fellatio on him, thereby committing rape. Following the rape, appellant did not leave the apartment. Rather, he trapped the victim inside her apartment while threatening to kill her to keep her from calling the police, thereby once again committing aggravated burglary. Thus, appellant's separate conduct supported his separate convictions.

{¶ 33} Furthermore, appellant committed the aggravated burglary and rape offenses with a separate animus. "The Ohio Supreme Court interprets the term 'animus' to mean 'purpose or, more properly, immediate motive,' and infers animus from surrounding circumstances." *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶ 16, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "[W]hen 'an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, *a priori,* commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.' " *Id.,* quoting *Logan*

at 131. In this case, even if appellant's only animus was forced sexual conduct, he could have committed the sexual assault in the hallway outside the victim's apartment. Instead, he forced the victim inside her apartment. Further, after raping the victim, he did not immediately leave the apartment. Rather, he remained in the victim's apartment and continued to threaten to kill her while keeping her trapped inside. Thus, appellant's separate animus supported his separate convictions.

{¶ 34} Under the facts and circumstances of this case, aggravated burglary and rape are not allied offenses because they do not satisfy the second prong of the *Johnson* test. The offenses were committed by separate conduct and with a separate animus. Accordingly, the trial court properly declined to merge the offenses for sentencing. Appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 35} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____